## Jason W. Stevens, Plff. in Err., v. William M. Brown et al.

The validity of a judgment confessed, in an action of ejectment brought by an owner and vendor of land against a purchaser who cannot complete·his payments, awarding possession of the land, but conditioned to be re-leased upon payment of the stipulated balance within a stipulated time, and meantime to have the same force and effect as a verdict in an action of ejectment to enforce specific performance, cannot be impeached in eject--ment brought by one who purchased the property at a subsequent sheriff's sale of the property under a judgment against the purchaser, where there: was no fraud, actual or constructive, in the confession of judgment, and. all was done in good faith.

### (Decided May 24, 1886.)

Error to the Common Pleas of Potter County to review a. judgment for defendants in an action of ejectment. Affirmed..

This action was brought by J. W. Stevens against Wm. M.. Brown, A. F. Dodge, and Samuel Metcalf, to recover possession of a tract of land in Harrison township, Potter county. Met--calf and Dodge filed disclaimers, and Brown appeared and pleaded not guilty.

The following are the facts substantially as found by the· referee:

It was admitted that on May 17, 1879, title to the land in· controversy was in George Fox and the executors of Sobieski Ross, and that said owners did on May 17, 1879, enter into a.

---

NOTE.—A judgment in ejectment by confession is an admission that the· title is in the plaintiff, and is conclusive upon the defendant and those· claiming under him. Secrist v. Zimmerman, 55 Pa. 446.

contract for the sale of the land in dispute to Metcalf. Metcalf never paid anything upon the contract. In March or April, 1882, three payments upon the contract being long past due, Metcalf interceded with Dodge to pay the amount of the contract and the judgment liens upon his interest, Dodge to take the title to the land and give Metcalf a chance to pay and redeem the same. As one of the steps in carrying out this arrangement a quitclaim deed for this land was executed by Metcalf to Dodge and given to him. Dodge, finding the amount due upon the contract and judgment liens to be much larger than he had been led to believe they were, refused to have anything more to do with the land, and returned the deed to Metcalf. Metcalf informed the agent of Fox and Ross that he could not pay for the land, and that they would be obliged to take it back; and it was placed in the hands of their attorneys, who were directed to close the same out in the shortest and best way possible, with least expense.

In pursuance of these instructions an action of ejectment was instituted against Metcalf to enforce specific performance of said contract for the land in dispute. During the pendency of this action Stevens went to the office of Fox and Ross and saw their agent about these proceedings, saying to the agent that he understood that they had brought ejectment against Metcalf; that he had judgments against Metcalf for $500 or $600, and asked the agent what he was to do to protect himself. The agent replied that he supposed that he, Stevens, might pay the purchase money and take the lot.

An amicable judgment in ejectment was signed by the plaintiff's attorneys and by the defendant, Metcalf; the defendant confessing judgment in favor of the plaintiff, for the land described in the writ, to be released on payment of the sum of $1,173.34, with interest and costs within ten days from the date thereof; the confession to have the same force and effect as a verdict of a jury in an action of ejectment to enforce the specific performance of a contract, with leave to plaintiff to issue habere facias, on failure of defendant to make payment at the time the payment becomes due, without application to the court for the purpose. Judgment was duly entered thereon. The sum of

$1,173.34 was the full amount of the contract and interest, and by the terms of the contract one half of the same was due at the time of the said confession. This confession of judgment was signed by Metcalf for the purpose of saving further costs; he did not expect to be able to make the payment, and there was no promise of any consideration whatever for his signing it.

In procuring said confession, and in all the proceedings connected with said case, the parties, their agents and attorneys, acted in good faith and without intent to defraud anyone. At the time of the confession of this judgment the land was worth from $1,800 to $2,000, and J. W. Stevens was a judgment creditor of Metcalf to the amount of $500, and there were other judgments against Metcalf to the amount of $300, all of which were valid liens against Metcalf's equitable interest in the land. The defendants Metcalf and Dodge knew this, and Brown knew that there were judgments, but did not know the amount.

July 29, 1882, a writ of habere facias possessionem was issued, and the same was returned executed by the sheriff, August 1, 1882, by removing the defendant, etc., and putting the plaintiff, by the agent, in possession. Dodge took the possession from the sheriff, acting upon behalf of the plaintiff. William M. Brown was present at the time. Immediately after the execution of this writ Metcalf again entered into possession of the house on the land, under an arrangement with Dodge that he should leave on ten days' notice. July 26, 1882, a levy was duly made upon this land by virtue of a fi. fa., issued upon one of the above-mentioned judgment liens, in favor of Stevens against Metcalf. This writ being returned with said levy, a vend. ex. to sell the same was issued, and a sale made thereon of the land in dispute, December 12, 1882, to J. W. Stevens, for $15, and the money applied on the costs. A deed was duly executed and delivered in pursuance of this sale.

On August 2, 1882, Fox and Ross, as agents for the estate, sold this land by contract to Brown, and he went into possession of the land. This sale to, and purchase by, Brown was bona fide without intent to defraud anyone.

Upon these facts the referee found in favor of defendants

and against plaintiff, and the case came to this court on writ of error.

*Mann & Ormerod,* for plaintiff in error.—The least concert or collusion between the parties to an illegal transaction makes the act of one the act of all. Confer v. McNeal, 74 Pa. 112.

Fraud may be inferred from facts clearly proven leading to that conclusion. Jackson v. Summerville, 13 Pa. 359; Kaine v. Weigley, 22 Pa. 179.

The referee erred in finding, as matter of law, that the facts found by him do not amount to a constructive fraud upon the judgment creditors of Samuel Metcalf. In determining this question the referee relies upon the cases of Damon v. Bache, 55 Pa. 67, 93 Am. Dec. 730, and Price's Appeal, 42 Phila. Leg. Int. 415, as authority for his ruling. An examination of these cases will at once demonstrate that there is no similarity in this case to either of them, and that the case at bar is identical with Forrester v. Hanaway, 82 Pa. 218.

The following language in the latter case is peculiarly applicable: "That if an action of ejectment . . . had been suffered to take its regular course, ending in a conditional verdict, or if the confession of judgment had stipulated for a payment at some future time, as in Damon v. Bache, 55 Pa. 67, 93 Am. Dec. 730, the rights of the lien creditors and the purchaser under the same, as well as the rights of . . . [the plaintiff in ejectment] could have been duly protected and enforced."

After execution and levy on real property in possession of the debtor, with a view to defeat creditors, he cannot transfer the possession, even to the real owners. Stahle v. Spohn, 8 Serg. & R. 317; Stauffer v. Lancaster County, 1 Watts, 300, 26 Am. Dec. 69.

*Larrabee & Lewis,* for defendants in error.—The supreme court can only hear and determine questions of law arising from the rulings of a referee; but cannot go behind his findings of facts, which findings are as conclusive as those of a jury. Lee v. Keys, 88 Pa. 175; Brown v. Dempsey, 95 Pa. 243; Philadelphia v. Linnard, 97 Pa. 242.

There can be no constructive fraud where a party is acting in

good faith and pursuing a legal remedy in the usual way. Price's Appeal, 42 Phila. Leg. Int. 415, S. C. C. P. Rep. 79.

This case is clearly within the rulings in Damon v. Bache, 55 Pa. 67, 93 Am. Dec. 730; Maxson's Appeal, 75 Pa. 176; Price's Appeal, 42 Phila. Leg. Int. 415.

In an action of ejectment on an equitable title, to entitle plaintiff to recover he must not only tender the money due before suit brought, but must also have it in the court ready to be paid in the event of a verdict for him. Gore v. Kinney, 10 Watts, 139; Gregg v. Patterson, 9 Watts & S. 197; Bell v. Clark, 111 Pa. 92, 1 Cent. Rep. 852, 2 Atl. 80.

PER CURIAM:

It is found as a fact that there was not any actual, constructive, legal, or intended fraud in the confession of judgment. Such being the case, its validity cannot be impeached in this contention. It is wholly unlike Forrester v. Hanaway, 82 Pa. 218, in which we held that the facts there proved constituted a. fraud on other creditors.